```
JASON HONAKER SBN 251170
1860 El Camino Real, Ste. 238
Burlingame, CA 94010
Telephone: (650) 259-9200
Facsimile: (877) 218-4033
jh@honakerlegal.com

Attorney for Debtor
Eva Araujo
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>Eva Araujo,<br><br>Debtor. | Chapter 13<br>Bankruptcy No.: 11-30078<br><br>**REPLY TO OPPOSITION TO MOTION SETTING PROPERTY VALUE AND SUBSEQUENT DECLARATIONS;DECLARATION**<br><br>Hon. Judge Montali |

### REPLY TO OPPOSITION TO MOTION SETTING PROPERTY VALUE AND SUBSEQUENT DECLARATIONS

1. The Debtor, Eva Araujo, commenced this case on **January 7, 2011** by filing a voluntary petition for relief.

2. The case has not been confirmed because the value of the Toyota Sienna minivan is still unresolved.

3. Creditor's counsel asked my office today whether we intended to seek a final ruling on the value of the collateral at tomorrow's hearing.

4. He was advised by my office that we would seek an order, because I was advised by him on May 2, 2011 that Travis would not settle and that I should arrange to have a hearing and Travis would get the vehicle appraised; and contact information for the individual in possession of the vehicle was made available on May 24, 2011, only six days after the motion was made.

5. It is my understanding that, if the affected lien holder effectively contests any motion, the first hearing will be a status conference, and the Court will later conduct an evidentiary hearing to resolve a disputed fact if necessary.

1

6. It is the debtor's position, though, that Travis has not effectively contested any issue of material fact through its opposition – or subsequent declarations - that necessitates an evidentiary hearing.

7. Indeed, the documents filed by Travis the day before the hearing state that the body repairs to the vehicle <u>exceed</u> prior estimates the *debtor* submitted, and say nothing about the mechanical problems. Travis also continues to assert that standard equipment is valuable optional equipment, notwithstanding the contents of the debtor's motion and its exhibits, which explicitly detailed that items such as a roof rack are standard equipment.

8. Travis had advised that it would be seeking an appraisal on May 2, 2011, absent surrender, and explicitly *encouraged* the litigation of this matter without reasonable attempts at compromise or revision of its facially errant proof of claim and objection to confirmation; its inspections were in fact performed on June 28, 2011, and Travis's supporting declarations are already on file as of this afternoon.

9. The debtor is suffering extreme psychological stress by having the case outstanding for seven months when the only real impediment to confirmation is the value of this high-mileage, old vehicle.

10. The totality of the circumstances demonstrate Travis has caused needless delay by advocating frivolous positions (i.e., that the value of the vehicle was about 10% less that the debtor paid despite having over twice as many miles as it did when she bought it some two years ago; and by including standard equipment as valuable options; and by refusing to compromise when this was brought to Travis's attention or even amend its prior filings).

11. Accordingly, insofar as it may be permitted, the Debtor requests an order valuing the vehicle in accordance with her motion without further hearings that would only waste judicial resources.

July 7, 2011 /s/ Jason Honaker

Jason Honaker, Attorney for Debtor

2

## **DECLARATION**

I, Jason Honaker, am over 18 years of age and a resident of California. I state under penalty of perjury that the factual assertions above are true, based on my reasonable inquiry. As to those matters stated on information, belief, or similar, I believe them to be true.

Sworn to July 7, 2011 at Burlingame, California.

/s/ Jason Honaker<br>Jason Honaker